FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2003 OCT 10 P 4: 36

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| PETER COCCARO, | : | CIVIL ACTION NO. 3:03CV914 (DJS) |
| Plaintiff, | : | |
| v. | : | |
| AT&T CORPORATION, | : | |
| Defendant. | : | OCTOBER 10, 2003 |

### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

The defendant, AT&T Corporation, hereby submits its answer to the Revised Complaint of the plaintiff, Peter Coccaro, dated September 8, 2003. All allegations not specifically addressed are denied.

1. As to the allegations in Paragraph 1, the defendant admits that the plaintiff purports to bring this action as alleged, but denies the allegation that his age was a motivating factor in his termination of employment. Any remaining allegations in Paragraph 1 are denied.

2. The defendant admits the first sentence of Paragraph 2. The remaining allegations of Paragraph 2 constitute a legal conclusion to which no response is required.

3. The defendant denies that any unlawful employment practices occurred as alleged in the complaint, and otherwise admits the allegations in Paragraph 3.

4. As to the allegations in Paragraph 4, the defendant admits the plaintiff is a former employee of the defendant and, on information and belief, admits that the plaintiff is over the age of forty. As to the remaining allegations, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

5. As to the allegations in paragraph 5, the defendant admits that its corporate headquarters are in New Jersey and that it is a voice, video and data communications company. The remaining allegations of Paragraph 5 are denied.

6. As to the allegations in Paragraph 6, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

7. As to the allegations in Paragraph 7, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

8. On information and belief, the defendant admits the allegations in Paragraph 8.

9. As to the allegations in Paragraph 9, the defendant admits it hired the plaintiff on June 25, 2001 as an Account Executive –Voice in AT&T's Business Services Organization in Norwalk, Connecticut. The defendant denies the remaining allegations of Paragraph 9.

10. Paragraph 10 is admitted.

11. Paragraph 11 is denied.

12. As to the allegations in the first sentence of Paragraph 12, the defendant admits that the plaintiff began reporting to Mr. LaCroce during his employment. On information and belief, the defendant admits the allegations in the second sentence of Paragraph 12. As to the remaining allegations of Paragraph 12, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

13. Paragraph 13 is admitted.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. As to the allegations in Paragraph 18, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. As to the allegations in Paragraph 23, the defendant admits that it placed plaintiff on a Performance Improvement Plan. The defendant denies the remaining allegations of Paragraph 23.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. As to the allegations in Paragraph 26, the defendant admits that plaintiff's employment was terminated on January 10, 2002 as a result of unsatisfactory sales performance. The remaining allegations in Paragraph 26 are denied.

27. Paragraph 27 is denied.

28. As to the allegations in Paragraph 28, the defendant denies it made any discriminatory and retaliatory actions. As to the remaining allegations of Paragraph 28, the defendant has insufficient knowledge or information upon which to form a belief and, therefore, leaves the plaintiff to his proof

## COUNT I

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

## COUNT II

31. The defendant's responses to Paragraphs 1 through 28 of the Complaint are incorporated herein by reference as if fully restated herein.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

## COUNT III

35. The defendant's responses to Paragraphs 1 through 28 of the Complaint are incorporated herein by reference as if fully restated herein.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Without conceding the plaintiff has suffered any damages as a result of any purportedly wrongful acts of the defendant, the plaintiff has failed to take all reasonable steps to mitigate his damages, if any.

DEFENDANT,
AT&T CORPORATION

By _____
Victoria Woodin Chavey (ct14242)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date via first-class mail to:

Robert A. Richardson, Esq.
Garrison, Levin-Epstein, Chimes
 & Richardson
405 Orange Street
New Haven, CT 06511

_____
Victoria Woodin Chavey