LEXSEE 2004 U.S. DIST. LEXIS 292

Karen SODERBERG, Plaintiff,-vs-GUNTHER INT'L, Ltd. Defendant.

Civil No. 3:02cv2010 (PCD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2004 U.S. Dist. LEXIS 292

January 5, 2004, Filed

**DISPOSITION:** Defendant's motion for summary judgment was granted.

**LexisNexis (TM) HEADNOTES- Core Concepts:**

**COUNSEL:** [*1] For Karin Soderberg, PLAINTIFF: Karen Lee Torre, New Haven, CT USA.

For Gunther Intl, Inc, DEFENDANT: Barry J Waters, Theresa M Parietti, Murtha Cullina LLP, New Haven, CT USA.

**JUDGES:** Peter C. Dorsey, United States District Judge.

**OPINIONBY:** Peter C. Dorsey

**OPINION:**

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT Pursuant to *FED. R. CIV. P. 56(c)*, Defendant moves for summary judgment. For the reasons set forth herein, Defendant's motion is granted.

I. Background n1

> n1 The facts are taken from the parties' *Local Rule 56(a)* statements, and are undisputed unless stated otherwise.

Plaintiff began working for Defendant in June, 1989. Her salary was reduced during the 1990s, when Defendant experienced financial trouble. n2 In October, 1998, Mark Perkins became president and chief executive officer ("CEO") of Defendant. Defendant alleges that Perkins was 53 at this time. During this time, Jewell Smokes directed Defendant's market program. Smokes generally worked [*2] out of his home in Atlanta, Georgia, and traveled to Connecticut approximately once every other month. Plaintiff worked in the marketing area and, in the fall of 1997, began reporting to Smokes, who was approximately the eleventh supervisor to supervise Plaintiff during her tenure with Defendant. She denies Defendant's allegation that Perkins was dissatisfied with the marketing materials.

> n2 Plaintiff alleges that her salary was later reinstated.

In February, 1999, Stokes evaluated Plaintiff in a written review, giving her a positive evaluation. She denies that this was the first written evaluation she received. After consolidating Defendant's sales and marketing departments, on November 23, 1998 Daniel Chevalier was named vice president of sales and marketing. In May, 1999, the reporting structure was reorganized so that marketing personnel, including Plaintiff, reported directly to Chevalier, who worked in the Connecticut office.

In January, 2000, Perkins directed Chevalier to terminate Plaintiff. On January 28, 2000, Chevalier [*3] terminated her. Perkins was 54 years old and Chevalier was nearly 44 years old at the time. Plaintiff was surprised at her unexpected termination. Because she could conceive of no other basis for her termination, she surmised that her termination was related to her age.

Plaintiff filed a charge with the Connecticut Commission of Human Rights and Opportunities ("CHRO") on May 18, 2000, alleging that Defendant illegally terminated her based on her age and gender. On July 30, 2002, the CHRO dismissed the charge on the merits, finding no reasonable cause. Plaintiff admits that she did not experience or witness any type of age discrimination during her employment with Defendant.

Plaintiff has filed a one-count complaint, alleging that Defendant has violated the *Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634* ("ADEA").

II. Standard

A party moving for summary judgment must establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of

law. *FED. R. CIV. P. 56 (c)*; *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*. [*4] "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" *Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002)* (quoting *Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986))*. In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party. *United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)*; *Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980)*. Summary judgment is proper when reasonable minds could not differ as to the import of evidence. *Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991)*. "Conclusory allegations will not suffice to create a genuine issue." *Delaware & H. R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990)*. Determinations as to the weight to accord evidence or credibility assessments of witnesses are improper on a motion for summary judgment [*5] as such are within the sole province of the jury. *Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996)*.

### III. Discussion

Defendant argues that Plaintiff was terminated for performance reasons, and that Plaintiff fails to produce any evidence that she was terminated because of age. Plaintiff argues that all of her previous performance evaluations had been positive and that she was terminated because of her age.

ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual . . . because of such individual's age." *29 U.S.C. § 623(a)(1)*. ADEA's prohibition against age based discrimination protects employees who are at least 40 years old. *Id.* at *§ 631(a)*. ADEA cases can be characterized as pretext cases and mixed motive cases. *Raskin v. Wyatt, 125 F.3d 55, 60 (2d Cir. 1997)*. Plaintiff relies on both the pretext and mixed motive analysis.

#### A. Pretext and McDonnell Douglas Burden Shifting Analysis

The burden shifting framework of Title VII cases, *see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)*, applies [*6] to ADEA cases, *Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir. 2001)*. Under the burden-shifting framework a plaintiff alleging disparate treatment must first establish a prima facie case of discrimination. *McDonnell Douglas, 411 U.S. at 802*. The burden then shifts to the defendant to offer a legitimate, nondiscriminatory rationale for its actions. See, *James v. New York Racing Ass'n 233 F.3d 149, 154 (2d Cir. 2000)*. Finally, if the defendant does offer a non-discriminatory reason for its decision, the burden again shifts to the plaintiff to show that the defendant's stated reason is a mere pretext for discrimination. *See id.* (citing *St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-10, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993))*.

#### 1. *Prima Facie* Case

Defendant argues that Plaintiff fails to establish a prima facie case of discrimination. Def. Mem. at 12.

To establish a prima facie case of discriminatory discharge under ADEA, Plaintiff must show that "(1) at the time of discharge she was at least 40 years of age, (2) her job performance was satisfactory, (3) she was discharged, and (4) her [*7] discharge occurred under circumstances giving rise to an inference of discrimination on the basis of age." *Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997)*.

Defendant contends that Plaintiff relies only on her supposition that she was the oldest employee of Defendant's and thus was terminated because of her age, and that the mere act of terminating the oldest employee does not support an inference of discrimination. Def. Mem. at 13.

Because, as a matter of law, Plaintiff cannot meet her ultimate burden of proving that Defendant intentionally discriminated against her on the basis of her age, it is assumed *arguendo* that Plaintiff has satisfied her burden to establish a prima facie case. See *Roge, 257 F.3d at 169*; *Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 93 (2d Cir. 2001)*.

#### 2. Legitimate Reasons for Discharge

Defendant's burden to articulate legitimate, non-discriminatory rationales for Plaintiff's discharge is "one of production, not persuasion[,] . . . involving no credibility assessment." *Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000)*. [*8] Defendant meets this burden if its evidence, "'taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Schnabel v. Abramson, 232 F.3d 83, 88 (2d Cir. 2000)* (quoting *St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993))*.

Defendant alleges that Plaintiff was discharged because her performance was unsatisfactory. Defendant states that both Perkins (CEO) and Chevalier (Plaintiff's supervisor) believed that Plaintiff's knowledge and skills were inadequate to fulfill her responsibilities. Pl. Mem. at 15. Defendant notes that although Smokes had previ-

ously given Plaintiff a positive review, (1) Smokes was based in Atlanta and did not observe Plaintiff on a daily basis and (2) it was not Smokes who decided to terminate Plaintiff, but her later supervisor and Defendant's CEO. Pl. Mem. at 15 at n.7. Defendant argues that upon becoming CEO Perkins took numerous steps to save Defendant from bankruptcy, including consolidation of the sales and marketing departments. Pl. Mem. at 16. As a result of this consolidation, Plaintiff worked for different supervisors, had [*9] more demanding requirements, and was observed more carefully than in the past. Pl. Mem. at 16.

Although Plaintiff's past supervisors may have been satisfied with her work, this provides no guarantee that future supervisors would evaluate her work the same way. *See Jensen v. Garlock, Inc.*, 4 F. Supp. 2d 219, 223 (W.D.N.Y. 1998). Moreover, Plaintiff concedes that Defendant has stated a legitimate and nondiscriminatory reason for Plaintiff's discharge. Pl. Opp. at 19.

3. Evidence that Age was Real Reason for Discharge (Pretext)

The burden shifts to Plaintiff, who must produce evidence for a reasonable jury to conclude that "the defendant's proffered, non-discriminatory reason is a mere pretext for actual discrimination," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000), and that "[Defendant] discriminated against [her] because of [her] age," *Schnabel*, 232 F.3d at 88. "A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148; [*10] *see also Zimmermann v. Associates First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) ("*Reeves* instructed that the combination of evidence establishing a prima facie case and evidence showing that a proffered explanation was pretextual is neither always to be deemed sufficient nor always to be deemed insufficient"). Taking a "case-by-case approach," the ultimate issue is whether "the evidence in the record as a whole creates a reasonable inference that age was a determinative factor in the actions of which Plaintiff complains." *Schnabel*, 232 F.3d at 90, 91 (quotation omitted).

Plaintiff produces no evidence from which a reasonable factfinder could conclude that she was terminated because of age. She argues that she was over sixty when terminated, and that "the absence of age-related comments or direct evidence of Perkins' thoughts is not meaningful." Pl. Opp. at 22, 27.

Although caution must be exercised before granting summary judgment to an employer in an ADEA case where discriminatory intent and state of mind are in dispute, *see Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000),

> it is now beyond cavil [*11] that summary judgment may be appropriate even in the fact-intensive context of discrimination cases. . . . The salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to . . . other areas of litigation."

*Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (citing *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985); *see also Reeves*, 530 U.S. at 148 ("Trial courts should not treat discrimination differently from other ultimate questions of fact"). Summary judgment against a plaintiff in an employment discrimination case is appropriate if the plaintiff offers only "unsupported assertions," "conjecture or surmise," or "conclusory statements" to support an essential element of her case. *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). "The Second Circuit has recently and repeatedly affirmed grants of summary judgment in ADEA discharge cases in favor of the employer on the grounds that the record evidence was insufficient for a jury to find that the real reason behind the employee's termination [*12] was age." *Choate v. Transp. Logistics Corp.*, 234 F. Supp. 2d 125, 128 (D. Conn. 2002) (citing *Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d at 94; *James*, 233 F.3d at 157; *Schnabel*, 232 F.3d at 91; see also *Roge*, 257 F.3d at 170-71.

Plaintiff argues that she received outstanding reviews for the ten previous years and that during her tenure she received performance based raises. Pl. Opp. at 4-7, 9, 10-13, 19, 22. Defendant alleges that Chevalier was "rarely pleased" with Plaintiff's performance and found her performance to be "unsatisfactory" at least partly because she lacked knowledge of Defendant's product and industry. Def. Mem. at 5. Defendant argues that Perkins was dissatisfied with Plaintiff's performance, and cites two incidents, one involving Plaintiff's alleged failure to arrange a hotel room for Perkins and one involving Plaintiff's arranging a major photo shoot of corporate personnel without proper authorization. Def. Mem. at 4. Plaintiff characterizes these examples as "petty, if not silly" and "ridiculous," and suggests that her handling of the two incidents was reasonable. Pl. Opp. at 21-22, 25, 26. She also notes that prior to [*13] her termination she was never informed that her performance was unsatisfactory, Pl. Opp. at 8-9, and that Perkins "had little contact with [her] and cannot fairly be characterized as familiar at all with her aptitude and performance," Pl. Opp. at 19.

Case 3:03-cv-00914-DJS  Document 56-17  Filed 03/26/2004  Page 4 of 7

Page 4
2004 U.S. Dist. LEXIS 292, *13

The fact that a new CEO or supervisor gave her a poor evaluation does not, in itself, give rise to an inference of discrimination. *See Jensen, 4 F. Supp. 2d at 223* (finding that plaintiff's previous twenty three year history of satisfactory performance evaluations, by itself, "is insufficient" to show pretext, and that "unfortunately, for some employees, performance that is deemed adequate for a long period of time can become inadequate in a changed economic climate . . . or in the eyes of a different supervisor"). Assuming *arguendo* that Defendant's proferred reasons were petty, ridiculous, and unfair, "even if the jury could find that the explanation offered by [Defendant] for why it fired [Plaintiff] was absurd, it is hard to see how this would add much of significance to [her] case." *Norton v. Sam's Club, 145 F.3d 114, 119.* "The ADEA does not make employers liable for doing stupid or even wicked things; [*14] it makes them liable for discriminating, for firing people on account of their age." *Id. at 120.* A plaintiff may not survive a motion for summary judgment by merely suggesting that the defendant's proferred reasons for discharge are false. *See Fisher v. Vassar College, 114 F.3d 1332, 1346-47.* Even if Defendant's reasons are rejected entirely, Plaintiff must produce evidence from which a reasonable factfinder could infer that a discriminatory motive played a role in her discharge. *Lanahan v. Mutual Life Ins. Co., 15 F. Supp. 2d 381, 384 (S.D.N.Y. 1998).*

It is undisputed, and Plaintiff admits, that she "did not experience or witness any type of age discrimination during her employment" with Defendant. Pl. Local Rule 56(a)(2) Statement P24. She admits being shocked at her discharge and "could not think of any reason to explain her termination and eventually surmised that she must have been terminated because of her age." *Id. at PP26-27.* Her conclusory belief, based on conjecture and surmise, that she was terminated because of her age is insufficient to survive summary judgment. "[A] jury cannot infer discrimination from thin air." *Norton v. Sam's Club, 145 F.3d 114, 119 (2d Cir. 1998)* [*15] *'s Club, 145 F.3d 114, 119 (2d Cir. 1998).* To survive summary judgment in a discrimination case, Plaintiff must do more than present "conclusory allegations of discrimination." *Meiri, 759 F.2d at 998.*

Plaintiff fails to produce any evidence demonstrating that Defendant was motivated by age animus. Plaintiff's case is substantially weaker than the plaintiff's case in *Reeves. See Schnabnel, 232 F.3d at 91* (citing *Reeves, 530 U.S. at 151-52*). In *Reeves*, the individual who ultimately fired plaintiff allegedly told him that he "was so old [he] must have come over on the Mayflower" and that he "was too damn old to do [his] job." *Reeves, 530 U.S. at 151-52.* Here, Plaintiff fails to offer any evidence that she was subjected to age-related comments or criticisms on the job. *Schnabnel, 232 F.3d at 91.* There is no evidence that Defendant considered age when deciding to terminate Plaintiff or to eventually hire her replacement. *See id.*

Based on the evidence a reasonable factfinder could not conclude that she was terminated because of her age.

B. Mixed Motive Analysis [*16]

Plaintiff's argument that she survives summary judgment through a mixed motive analysis, *see* Pl. Opp. at 23, fails for the same reason.

In mixed motive cases, courts use the analysis set forth in *Price Waterhouse v. Hopkins, 490 U.S. 228, 258, 109 S. Ct. 1775, 104 L. Ed. 268 (1989).* Pursuant to the *Price Waterhouse* analysis, if the plaintiff establishes that a prohibited discriminatory motivated the challenged employment decision, the burden shifts to the employer to prove by a preponderance of the evidence that it would have made the same decision anyway. *Id. at 258; see also Ostrowski v. Atlantic Mut. Ins. Cos., 968 F.2d 171, 180 (2d Cir. 1992)* (applying *Price Waterhouse* analysis to mixed motive case). "To warrant a mixed-motive burden shift, the plaintiff must be able to produce a 'smoking gun' or at least a 'thick cloud of smoke' to support his allegations of discriminatory treatment." *Raskin v. Wyatt Co., 125 F.3d 55, 61 (2d Cir. 1997)* (internal citations omitted); *accord Gant ex rel. Gant v. Wallingford Bd. of Educ., 195 F.3d 134, 146 n.16 (2d Cir. 1999)* ("Where, as here, the plaintiff [*17] fails to produce any such evidence, the plaintiff cannot withstand a motion for summary judgment by arguing that a jury might reasonably find in his favor under the mixed-motives framework").

Here, Plaintiff produces no smoking gun or thick smoke cloud, instead relying on conclusory allegations that age must have played a role because she was over sixty years old and prior to her termination had a record of positive performance evaluations. She relies on conjecture and surmise, and she does not produce *any* evidence (let alone a smoking gun), from which a reasonable jury could infer that age discrimination played a role in her termination. *Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1183 (2d Cir. 1977).*

Accordingly, Defendant is granted summary judgment.

IV. Conclusion

For the reasons set forth herein, Defendant's motion for summary judgment [Doc. No. 26] is granted. The clerk shall close the file.

So ORDERED.

2004 U.S. Dist. LEXIS 292, *17

Dated at New Haven, Connecticut, January   , 2004.          United States District Judge

Peter C. Dorsey

LEXSEE 1999 U.S. APP. LEXIS 9695

THOMAS D. LANAHAN, Plaintiff-Appellant, - against - THE MUTUAL LIFE
INSURANCE COMPANY OF NEW YORK, Defendant-Appellee.

98-9174

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

*1999 U.S. App. LEXIS 9695*

**May 17, 1999, Decided**

**NOTICE:** [*1] RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:**

Reported in Table Case Format at: *1999 U.S. App. LEXIS 21511.*

**PRIOR HISTORY:** Appeal from United States District Court for the Southern District of New York (Sotomayor, J.).

**DISPOSITION:** AFFIRMED.

**LexisNexis (TM) HEADNOTES- Core Concepts:**

**COUNSEL:** APPEARING FOR APPELLANT: THOMAS P. MOHEN, Locust Valley, NY (Mohen Craig & Treacy, LLP, Donald T. Rave, Jr., of Counsel).

APPEARING FOR APPELLEE: DOUGLAS E. HAMEL, Houston, TX (Vinson & Elkins, LLP; Dewey Ballantine, LLP, New York, NY, Harvey Kurzweil, Saul P. Morgenstern, of Counsel).

**JUDGES:** PRESENT: Hon. Wilfred Feinberg, Hon. Paul R. Michel *, Circuit Judges. **

  * United States Court of Appeals for the Federal Circuit, sitting by designation.
  ** Judge Pierre N. Leval recused himself from this case. The two remaining members of the panel, being in agreement as to the outcome, have decided the appeal. See 2d Cir. R. § 0.14(b).

**OPINION:**

  SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and hereby is AFFIRMED.

Plaintiff Thomas D. Lanahan (Lanahan) appeals from a judgment of the United States [*2] District Court for the Southern District of New York (Sotomayor, J.) granting summary judgment to defendant The Mutual Life Insurance Company of New York (MONY) on Lanahan's claim that MONY terminated him in violation of the Age Discrimination in Employment Act (ADEA), *29 U.S.C. § 621 et seq.* Lanahan argues that the judgment should be reversed and the case remanded to the district court for trial because he produced sufficient evidence of age discrimination to survive summary judgment. We disagree.

Lanahan was the Manager of MONY's Northern New Jersey agency from 1989 until his termination in January 1996. At the time of his discharge, he was 55 years old. In the district court, MONY argued that Lanahan was terminated because of his agency's severely declining revenues and his failure to meet various performance targets. Lanahan argued that any failure to meet targets was due to an overall decline in MONY's business, MONY's transfer of key employees out of his agency and MONY's failure to offer him training opportunities that were provided to other Managers. Lanahan also argued that the performance targets imposed upon him were unrealistically high. Additionally, he pointed to [*3] the deposition statements of certain MONY executives who testified that some Managers end their careers by "riding the cycle to 55," i.e., in the 2-3 years before age 55, performing at the minimum level required to remain employed until that age and thus becoming eligible for pension benefits. Finally, Lanahan offered statistical evidence that purported to demonstrate MONY's systematic dismissal of older workers. Applying the familiar burden-shifting analysis of *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973)*, the district court apparently assumed arguendo that Lanahan had

made out a prima facie case of age discrimination and that MONY had articulated a legitimate, non-discriminatory reason for his termination. The court then went on to hold that Lanahan had failed to meet his ultimate burden of producing evidence from which a factfinder could conclude that age was a motivating role in his discharge.

We affirm the decision of the district court for substantially the reasons stated in the district court's opinion. *Lanahan v. Mutual Life Ins. Co. of New York, 15 F. Supp. 2d 381 (S.D.N.Y. 1998)*. On appeal, Lanahan challenges MONY's stated reason [*4] for his termination by relying on the various arguments noted above, e.g., unrealistic goals, transfers of key employees and a general lack of management support. The court pointed out that even if it "assumed that [Lanahan] has produced evidence that MONY's criticism of his performance is pretextual," *id. at 384,* none of his arguments point to age discrimination as the true reason for his discharge. We agree. To survive summary judgment, a plaintiff must show not only pretext, but the use of a pretext to hide age discrimination. *Fisher v. Vassar College, 114 F.3d 1332, 1346-47 (2d Cir. 1997)*. This, Lanahan did not do.

Similarly, Lanahan makes much of the "riding the cycle to 55" statements of MONY executives, arguing that they evidence a MONY corporate philosophy of "55 and out." We agree with the district court, however, that a careful reading of the testimony shows that management was actually concerned about making sure that, despite his deficient performance, Lanahan was not terminated before reaching age 55 and becoming eligible for favorable pension benefits. *Lanahan, 15 F. Supp. 2d at 384-86.* No reasonable inference of a corporate policy of age discrimination can be drawn [*5] from this testimony.

Also, we agree with the district court that Lanahan's statistical evidence was not probative of age discrimination because, its dubious admissibility aside, it was incomplete and did not eliminate possible non-discriminatory reasons for the attrition of older workers from MONY. *Id. at 386-87;* cf. *Raskin v. Wyatt Co., 125 F.3d 55, 67-68 (2d Cir. 1997)*.

We have considered all of Lanahan's arguments, and find that they do not justify reversal. Accordingly, the judgment of the district court is AFFIRMED.